# J. L. OWENS COMPANY v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

## April 4, 1919.

## No. 21,137.

**Carrier — delivery on surrender of bill of lading.**

1. The plaintiff, J. L. Owens company, forwarded to the J. L. Owens Manufacturing Company, which was a selling company of its products, at Springfield, Illinois, over the defendant road and a connecting line, a carload of machinery by a straight bill of lading. After the car had reached Springfield, the defendant, at the request of the plaintiff, substituted an order bill of lading, in which the plaintiff was the consignor and consignee, and which provided for a surrender of the bill of lading duly indorsed before delivery of the shipment. The plaintiff, suing in

1Reported in 171 N. W. 768.

conversion, claimed that the defendant made delivery to the J. L. Owens Manufacturing Company. The defendant claimed that it delivered to the plaintiff company; and that in any event the machinery was held in storage, ready for delivery on surrender of the bill of lading, when the suit in conversion was brought.

**Same — election between defenses denied.**

2. Under such circumstances, and others stated in the opinion. the court did not err in denying plaintiff's motion that the defendant elect between the two defenses because of their inconsistency.

**Same — special and general verdict sustained.**

3. The jury found specially that the merchandise was held ready for delivery on surrender of the bill of lading at the time of the commencement of the action, and it returned a general verdict for the defendant. Conceding that the J. L. Owens Manufacturing Company received the machinery, the evidence is clear that there was no actual conversion or loss of the machinery; that no demand was ever made for it nor was there a surrender of the order bill of lading; that the plaintiff could have had it at any time if it had wanted it, and that it was held ready for delivery when this suit for conversion was brought. Under these circumstances a verdict other than for the defendant could not be sustained.

Action in the district court for Hennepin county to recover $1,243.30 for conversion. The answer alleged that at Springfield, Illinois, plaintiff and J. L. Owens Manufacturing Company maintained a joint agent, one R. W. Hilmer, who had authority to direct the unloading and delivery of shipments reaching Springfield and consigned to plaintiff or J. L. Owens Manufacturing Company, and who did direct the unloading and delivery of the shipment in this case; that the shipment was unloaded and delivered under the direction and at the request of the joint agent; that at no time since the receipt and delivery of the shipment to defendant had plaintiff, or any other person or corporation acting therefor, surrendered or offered for cancelation the bill of lading entitling the consignee named therein to the shipment; that because of such failure the Wabash Railroad Company on its behalf and on behalf of defendant, became responsible to the Merchants Transfer & Storage Company of Springfield for the reasonable and lawful storage charges thereof; that the shipment was sold in September, 1917, for $650 to pay the storage

charges which sum was insufficient to meet the expense of making the sale and to pay the accrued storage charges, and denied that it had ever been requested to deliver the shipment or that there had been conversion of the property. The case was tried before Dickinson, J., and a jury which returned a verdict for defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Francis B. Hart,* for appellant.

*F. W. Root,* for respondent.

DIBELL, J.

Action for conversion. There was a verdict for the defendant. The plaintiff appeals from the order denying its motion for a new trial.

1. The plaintiff, J. L. Owens Company, is a Minnesota corporation. The J. L. Owens Manufacturing Company is a Maine corporation. Both do business at Minneapolis. The first named is a manufacturing company. The last named is a selling company for the products of the first.

On June 4, 1912, the plaintiff company shipped from Minneapolis by the Rock Island road by a straight bill of lading a carload of machinery consigned to the J. L. Owens Manufacturing Company at Springfield, Illinois. The Wabash road was the connecting carrier which reached Springfield. On June 11 the plaintiff applied to the Rock Island for the substitution of an order bill of lading. The substitution was made. The order bill of lading provided for the delivery of the machinery upon its surrender properly indorsed. The plaintiff was the consignor and consignee. It was marked: "Notify J. L. Owens Mfg. Co." On June 10, prior to the substitution of the order bill of lading, the car reached Springfield. The manufacturing company was notified. One or the other of the two companies unloaded the car on June 20 and June 21, and the machinery was taken in charge by a storage and transfer company in accordance with the usual custom. The plaintiff claimed that the delivery was to the J. L. Owens Manufacturing Company. The defendant claimed that delivery was to the plaintiff company, and it further claimed that the machinery shipped was in storage ready for delivery, that the plaintiff could have had it at any time, and that it was ready for delivery when this suit for conversion was brought.

2. The plaintiff moved that the defendant be required to elect upon which of the two defenses it would rely upon the ground that they were inconsistent. The motion was denied and error is alleged.

The ruling was correct. The rule stated in McAlpine v. Fidelity & Casualty Co. 134 Minn. 192, 158 N. W. 967, applies. The two companies' names were the same except for one descriptive word. They were separate entities. The defendant alleged that they were in fact substantially the same, had common officers, and a joint agent at Springfield who took charge of shipments going to either company. The final issue was upon the question of conversion. Involved therein was the question whether the delivery was made to the plaintiff or to the other Owens Company, and the further question whether, in fact, the machinery was ready for delivery to the plaintiff at any time and at the time the suit for conversion was brought. It is readily seen that if there were more than one defense the defendant might be unable to tell which one, if either, the evidence might develop. The facts were not altogether within its knowledge. The real situation could be determined only upon the trial. One or both of the Owens companies might be hostile. A defendant, in such a situation, should not be put to the peril of losing an honest defense if it elected incorrectly upon an imperfect knowledge of the facts.

3. One Hilmer was the agent of the J. L. Owens Manufacturing Company at Springfield. There was evidence that he was also the agent of the plaintiff company. The defendant claims that he was the joint agent of both of the Owens companies.

When the car arrived at Springfield the Wabash road knew no other consignee than the manufacturing company which appeared on the way bill. The order bill of lading had not at that time been issued. The road notified the manufacturing company. On June 20 and June 21 the car was unloaded by a storage and transfer company acting under authority from Hilmer who had his office in the company's building. Hilmer, apparently because of some trouble with one or both of the Owens companies, which resulted in a suit against them, resigned about June first, but continued his duties. About July 15, one Shearer, the representative of the plaintiff, acting under its instructions, went from Minneapolis to Springfield to check out Hilmer. Hilmer and Lawrence, the latter the

representative of the transfer and storage company, say that he took for the plaintiff the property shipped on June 4, and put it in storage. Shearer denies this. The property was in sight. He saw it and tells about it. He took some property then in storage. He could have taken that for which this suit is brought. Neither the road, nor the J. L. Owens Manufacturing Company, nor the storage and transfer company, nor anyone offered hindrance. Besides he was armed with the order bill of lading indorsed by the plaintiff. He chose not to take the property.

About June 26 or June 27 the Wabash road was first apprised of the existence of an order bill of lading. What followed does not appear except that on September 6 it replevied the property from the storage company and on that day and from then on had actual possession. Final judgment was entered by default on January 27, 1913. This action was commenced on February 14, 1913. The trial was had five years later. At no time did the plaintiff make a demand. At no time was the order bill of lading indorsed and surrendered preliminary to a delivery. It first appeared at the trial. The merchandise was not lost. No one was preventing the plaintiff from having it. Shearer might have had it when at Springfield. When suit was brought it was in storage ready for delivery.

The jury found a general verdict for the defendant. The court of its own motion submitted to the jury for a special finding the question whether, at the time of the commencement of the action, the machinery was held ready for delivery on surrender of the bill of lading, and the answer was in the affirmative. Under the charge of the court this in effect required a verdict for the defendant. Under this condition of the record we are not able to say what particular facts were found by the general verdict of the jury, as for instance what the finding, if any, was as to Shearer taking possession, or upon the issue as to the delivery, though, since all of the evidence as to Hilmer's agency is not returned, the plaintiff may not be in position to question the fact that he was its agent.

It is unquestioned law that a carrier cannot excuse a wrong delivery and loss by showing an innocent mistake. We do not trench upon that rule. Good policy requires the carrier to make delivery in accordance with its contract and does not permit it to excuse a wrong delivery by showing diligence or an innocent mistake or even fraud practiced upon it. Conced-

ing that it was the J. L. Owens Manufacturing Company which, through Hilmer, received the merchandise in storage at Springfield, it is so clear from what we have said that the plaintiff company could have had its property whenever it chose that a finding of actual conversion should not be permitted. Beyond all question it did not get its property because it did not want it; and we would sacrifice the substance of the transaction to a technical claim if we permitted a finding of actual conversion giving the plaintiff a right to sue in damages instead of taking its property which was ready to be delivered to it.

Counsel for the plaintiff has thoroughly and helpfully briefed and argued his points. With most of his statements of law no quarrel is to be made; but the view we take of the substance of the transaction, as we have stated it, is such that they do not control the result. What we have said in this paragraph necessarily reaches all of his assignments of error except that relative to an election to defense discussed in paragraph 2; and in respect of the principle there stated counsel is in accord with the court and we think does not very seriously urge that it is misapplied.

Order affirmed.